IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL ANDRUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 12-519-GMS |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| Respondents. | ) |

**M E M O R A N D U M**

## I.    INTRODUCTION

In July 2015, the court denied as time-barred petitioner Daryl Andrus' habeas petition.

(D.I. 17; D.I. 18) Andrus' habeas petition challenged his 1996 conviction for first degree

intentional murder and first degree conspiracy. (D.I. 17 at 3) Presently pending before the court

is Andrus' letter motion for reconsideration. (D.I. 19)

## II.    STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil

Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/

reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular

purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b)

allows a party to seek relief from a final judgment, and request reopening of his case, under a

limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is

addressed to the sound discretion of the trial court guided by accepted legal principles applied in

light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d

Cir. 1988), but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of*

*Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b)(6) motion must be filed

within a "reasonable time,"[1] which is determined by considering the interest of finality, the

reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and

the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d

627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after

final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to

proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at

288, and may only be used to correct manifest errors of law or fact or to present newly

discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237,

251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a

Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear

error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176

F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to

reargue issues that the court has already considered and decided. *See Brambles USA Inc. v.*

*Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it

has denied the petitioner's federal habeas application, the court must first determine if the Rule

---

[1]*See Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

60(b) motion constitutes a second or successive application under the Antiterrorism and Effective

Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion
> attacks the manner in which the earlier habeas judgment was procured and not the
> underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.
> However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's
> underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a

second or successive habeas application without first obtaining approval from the Court of

Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent

application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir.

2002).

## III. DISCUSSION

The court will treat the instant motion as filed pursuant to Rule 60(b), because Andrus

filed it well-past twenty-eight days after the entry of the court's judgment.[2] *C.f. Holsworth v.*

*Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir.

1985)("Regardless of how it is styled, a motion filed within ten days of entry of judgment

questioning the correctness of judgment may be treated as a motion to amend or alter the

judgment under Rule 59(e)."). In turn, the court construes the motion as being filed pursuant to

Rule 60(b)(6) – the "catch-all" provision – because Rule 60(b)(6) permits a party to seek

reconsideration for "any other reason [than the specific circumstances set out in Rule 60(b)(1)-

---

[2]Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than
28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Andrus'
petition on July 23, 2015. (D.I 17; D.I. 18) Andrus' motion for reconsideration is postmarked
April 2, 2016 and was docketed on April 5, 2016.

3

(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

In his Rule 60(b)(6) motion, Andrus contends that defense counsel was ineffective and that his co-defendant sent him a letter expressing his guilt over the crime. Andrus asserts that the letter demonstrates his actual innocence, but he does not provide a copy of the letter or a date for it. Therefore, the court is not persuaded that the letter constitutes newly discovered evidence.

Moreover, since Andrus alleged ineffective assistance and actual innocence in his original habeas petition, his instant arguments re-assert arguments already considered and rejected by the court. Thus, the court concludes that the instant motion constitutes a second or successive § 2254 petition, not a traditional Rule 60(b) motion. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Andrus did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/petition. Accordingly, the court will dismiss Andrus' motion/petition as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV.    CONCLUSION

For the foregoing reasons, the court will deny Andrus' motion for reconsideration. In addition, the court declines to issue a certificate of appealability, because Andrus has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see*

4

*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).  A separate order
will be entered.

Feb 24, 2017

DATE

UNITED STATES DISTRICT JUDGE

5